IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARGARET E. RODRIGUEZ, individually and as Independent Executor of the Estate of JOSE G. RODRIGUEZ, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>PFIZER, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL NO. 10-650-GPM<br>)<br>)<br>)<br>) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court sua sponte on the issue of federal subject matter jurisdiction. *See Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."); *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction"). Plaintiff Margaret E. Rodriguez brings this action as the legal representative of her deceased husband, Jose G. Rodriguez, to recover for personal injuries suffered by Mr. Rodriguez allegedly as a result of taking Lipitor, a prescription medication that is manufactured and distributed by Defendant Pfizer, Inc. ("Pfizer"). This case was filed originally in the Circuit Court of the First Judicial Circuit, Williamson County, Illinois, and has been removed to this Court by Pfizer; federal subject matter jurisdiction is alleged on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. Having reviewed Pfizer's notice of removal, the Court discerns a flaw in Pfizer's allegations of jurisdictional fact.

The exercise of federal subject matter jurisdiction in diversity requires generally, of course, that the parties to a case be of diverse state citizenship and that an amount in excess of $75,000, exclusive of interest and costs, be in controversy. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008). "For a case to be within the diversity jurisdiction of the federal courts, diversity must be 'complete,' meaning that no plaintiff may be a citizen of the same state as any defendant." *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006) (quoting *Fidelity & Deposit Co. of Md. v. City of Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir. 1983)). For purposes of federal diversity jurisdiction, the state citizenship of a natural person is determined by the state where the person is domiciled, meaning the state where the person is physically present with the intent to remain there. *See Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996); *Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 833 (S.D. Ill. 2006). A person who sues as the legal representative of a decedent is deemed to have the state citizenship of the decedent. *See* 28 U.S.C. § 1332(c)(2); *Gustafson v. Zumbrunnen*, 546 F.3d 398, 400-03 (7th Cir. 2008); *Bancroft v. Bayer Corp.*, Civil No. 09-990-GPM, 2010 WL 148628, at *4 n.5 (S.D. Ill. Jan. 13, 2010). Finally, for diversity purposes, the citizenship of a corporation is the state where the corporation is incorporated and the state where the corporation has its principal place of business, meaning the state where the corporation maintains its headquarters or "nerve center." *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192-95 (2010); *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986); *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 250 (7th Cir. 1981). Pfizer, as the removing party, has the burden of proof as to the existence of federal jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006).

In this instance, Pfizer's notice of removal properly alleges that Pfizer is a corporation incorporated under Delaware law with its principal place of business in New York, so that Pfizer is a citizen of Delaware and New York for diversity purposes. Also, Pfizer's notice of removal properly alleges that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs. Unfortunately, Pfizer's notice of removal fails properly to allege the existence of complete diversity of citizenship in this case. Pfizer's notice of removal alleges that Jose Rodriguez was, at the time of his death, a "resident" of Illinois, so that Margaret Rodriguez is a "resident" of Illinois for purposes of federal subject matter jurisdiction in diversity. Doc. 2 at 3 ¶ 6. This is not correct. To invoke federal diversity jurisdiction, a natural person must be alleged to be a citizen of a state, not a resident of a state. "[A]llegations of residence are insufficient to establish diversity jurisdiction. It is well-settled that '[w]hen the parties allege residence but not citizenship, the court must dismiss the suit.'" *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000) (quoting *Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996)). *See also Simon v. Allstate Employee Group Med. Plan*, 263 F.3d 656, 658 n.1 (7th Cir. 2001) ("In his amended complaint and appellate brief, [the plaintiff-appellant] alleged only his residence, not his citizenship. An allegation of residency, however, is insufficient to establish diversity jurisdiction."); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) ("[A]lthough the parties claimed diversity jurisdiction, the complaint failed to allege the citizenship of either party, instead stating the residence of each. Of course, allegations of residence are insufficient to establish diversity jurisdiction."). Pfizer must amend its notice of removal to allege that Jose Rodriguez was a citizen of Illinois, not a resident of Illinois, at the time of his death, so that Margaret Rodriguez is a citizen of Illinois for diversity purposes.

To conclude, Pfizer is **ORDERED** to file an amended notice of removal that properly alleges the state citizenship of Jose Rodriguez and Margaret Rodriguez for purposes of federal diversity jurisdiction not later than 12:00 noon on Friday, October 1, 2010. The Court reminds Pfizer that the jurisdictional facts contained in its amended notice of removal must be alleged not on the basis of "information and belief" but on personal knowledge. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Lyerla v. AMCO Ins. Co.*, 462 F. Supp. 2d 931 (S.D. Ill. 2006). Failure to file an amended notice of removal as herein ordered will result in remand of this case to the Circuit Court of the First Judicial Circuit, Williamson County, Illinois, for lack of federal subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *O'Neill v. Pointer*, Civil No. 09-704-GPM, 2009 WL 3575267, at *1, *3 (S.D. Ill. Oct. 26, 2009); *Crumer v. Target Corp.*, Civil No. 07-836-GPM, 2007 WL 4373950, at *1 (S.D. Ill. Dec. 14, 2007); *Pruitt v. Kelly Moore Paint Co.*, Civil No. 07-768-GPM, 2007 WL 4225823, at *1 (S.D. Ill. Nov. 28, 2007).

**IT IS SO ORDERED.**

DATED: September 20, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge